■ In the Matter of the BOARD OF EDUCATION OF THE ISLAND TREES UNION FREE SCHOOL DISTRICT, Respondent, v LAWRENCE BUTCHER, Appel-

lant.—In a proceeding to quash or modify a subpoena duces tecum which was served upon Ernest Valenze in the course of a proceeding pursuant to section 3020-a of the Education Law against Lawrence Butcher, a tenured teacher, the said teacher appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated December 6, 1977, as granted in part the application to quash the subpoena and denied in part his cross motion to compel compliance with the said subpoena. Order modified, on the law, by (1) adding thereto provisions directing that the petitioner, at the appellant's expense, reproduce the entire records of the appellant's students for the hearing panel, after obliterating all identifying data, and that the panel and the parties' attorneys examine the records and exclude therefrom any irrelevant portions, (2) deleting the fourth decretal paragraph thereof, (3) deleting from the fifth decretal paragraph thereof the words "shall not permit" and substituting therefor the words "shall permit", and (4) deleting the sixth decretal paragraph thereof and substituting therefor a provision that the hearing panel shall preserve a copy of the records produced so that they may be made available in the event that judicial review is sought after the conclusion of the disciplinary proceeding against appellant. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The respondent has failed to sustain the burden of establishing that the records sought are immune from disclosure. (See *Koump v Smith,* 25 NY2d 287, 294.) Any degree of confidentiality accorded to the students' records must yield to the appellant's right to prepare his defense to the charges made against his reputation and his competence in his profession. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.