■ In the Matter of JOHN McWILLIAMS, Petitioner, v YOOSUF A. HAVELIWALA, as Director of the Harlem Valley Psychiatric Center, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Director of the Harlem Valley Psychiatric Center, dated November 24, 1976, which, after a hearing pursuant to section 74 of the Civil Service Law, found the petitioner, a psychologist, guilty of (1) misconduct in sexually abusing a resident of the institution (Charge I) and (2) incompetency, inappropriate behavior and a lack of proper professional judgment exhibited in an interview with a patient in his care (Charge III), and dismissed him from his employment. Petition granted to the extent that the determination is modified, on the law, by deleting therefrom (1) the finding of guilt as to Charge I and (2) the penalty imposed. As so modified, determination confirmed, proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remanded to the

respondent director for the imposition of an appropriate punishment on the remaining charge. By letter dated September 28, 1976, petitioner was charged with sexually abusing two female patients, Kathy O. (Charge I) and Donna Z. (Charge II), and with exhibiting incompetency, inappropriate behavior and a lack of proper professional judgment during an interview with Donna Z. on September 13, 1976 (Charge III). A hearing pursuant to section 75 of the Civil Service Law was held, at which petitioner denied that he had sexually abused either of the patients as alleged in Charges I and II, but admitted that he had committed certain procedural irregularities during an interview with Donna Z., as alleged in Charge III, i.e., taking her to his private office instead of utilizing an office near her ward and talking to her while she was not properly attired in a robe and slippers. Donna's testimony regarding the sexual abuse allegedly perpetrated upon her was not given credence on the ground that she was totally "delusional with little or no reality contact" and Charge II was, therefore, dismissed by the hearing officer. However, the unsworn testimony of the other patient, Kathy O., was found to be sufficiently coherent and credible to sustain a finding of guilt on the charge relating to petitioner's sexual abuse of her (Charge I). The hearing officer recommended the petitioner's dismissal and the director concurred, by letter dated November 24, 1976. In our view, the finding of guilt on Charge I is not sustained by substantial evidence in the record. The law is well settled that the testimony of a complainant, standing alone, may serve to provide a hearing officer with the requisite substantial evidence if the testimony is sufficiently complete, intelligent and credible (see *Matter of Sowa v Looney*, 23 NY2d 329, 336). However, where the complainant is a mentally impaired individual, his unsworn testimony may not be sufficient alone to sustain a determination. This will depend upon the circumstances of the case and the complainant's objective reliability (see *Matter of Brown v Ristich*, 36 NY2d 183, 190–191; cf. CPL 60.20, subds 2, 3). The record before us indicates that the complainant Kathy O., a schizophrenic prone to delusions, had a definite psychiatric-medical history of sexual obsessions and had made numerous false accusations of rape and pregnancy. Under these circumstances, *some* minimal corroboration was necessary. The hearing officer stated that the petitioner himself, by his admissions, provided this necessary corroboration. The record clearly belies this: petitioner strenuously denied any act of sexual abuse of, or contact with, Kathy. Absolutely no admissions were made with respect to this charge. Accordingly, it should have been dismissed. There was, however, substantial evidence in the record to sustain a finding of guilt on Charge III and that finding cannot be disturbed. With respect to the issue of punishment, it is clear that the severe punishment of dismissal recommended by the hearing officer, and concurred in by the respondent director, was due to the latter's finding of guilt on both the serious charge of sexual abuse and the less consequential charge of incompetency, inappropriate behavior and a lack of proper judgment in conducting an interview with a patient. Since we have dismissed the charge of sexual abuse as being unsupported by substantial evidence, the matter should be remanded to the respondent director to fix an appropriate punishment for the remaining charge of incompetency, inappropriate behavior and a lack of proper judgment (Charge III). Hopkins, J. P., Suozzi and Margett, JJ., concur; Hawkins, J., dissents and votes to confirm the determination and dismiss the proceeding on the merits.