In the Matter of JOSEPH BRAFFMAN, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—In an article 78 proceeding, *inter alia,* to review a determination by the respondents which revoked the petitioner's conditional release, the appeal is from a judgment of the Supreme Court, Westchester County, entered June 26, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. Although petitioner did not have the opportunity to confront every possible witness, the testimony of the witness whom he did confront was sufficient to sustain the determination to revoke his conditional release. In any event, the uncontested charge that petitioner failed to inform his parole officer that he had been questioned by the Port Authority police, was itself sufficient to sustain the revocation of his conditional release. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.

In the Matter of BETTY BROOKS, Individually and on Behalf of Her Three Infant Children, Petitioner, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the acting State commissioner, dated October 28, 1977, and made after a statutory fair hearing, which affirmed a determination of the local agency terminating petitioner's grant of aid to dependent children. Determination confirmed, without costs or disbursements, and proceeding dismissed on the merits. No opinion. Latham, J. P., Rabin, Cohalan and Margett, JJ., concur.

In the Matter of JULIO CAMACHO, Respondent, v JOHN P. IAFRATE, as Director of Pilgrim Psychiatric Center, Appellant.—In a proceeding, *inter alia,* to compel the production of various records maintained by Pilgrim Psychiatric Center (a State hospital), concerning a patient allegedly assaulted by petitioner, an employee of that State hospital, the appeal is from so much of an order of the Supreme Court, Suffolk County, dated April 13, 1978, as "directs that the attorney for petitioner may inspect the records of the patient * * * at Pilgrim Psychiatric Center, should the aforesaid patient be called as a witness in the arbitration proceeding." (The arbitration proceeding involves disciplinary charges brought against petitioner based upon the alleged assault.) Order affirmed insofar as appealed from, with $50 costs and disbursements. (See *Matter of Board of Educ. v Butcher,* 61 AD2d 1011; *Matter of McWilliams v Haveliwala,* 61 AD2d 1032; *People v Rensing,* 14 NY2d 210.) Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.

In the Matter of JOHN CHIARELLO, Appellant, v WALTER FOGG, as Superintendent of the Greenhaven Correctional Facility, et al., Respondents. —Judgment of the Supreme Court, Dutchess County, dated February 24, 1977, affirmed, without costs or disbursements (see *Wolff v McDonnell,* 418 Us 539, 567). Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.