■ In the Matter of the Arbitration between the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, and DIRECTOR, MANHATTAN PSYCHIATRIC CENTER, et al., Respondents.—Judgment of the Supreme Court, New York County, entered April 25, 1979, reversed, on the law, the application to confirm the award of the arbitrator granted, and the cross motion to vacate the arbitrator's award denied, without costs or disbursements. Petitioner Bell, an employee of the Manhattan Psychiatric Center (Center), was charged with misconduct and was suspended without pay on August 16, 1978. Bell, who is a member of the Civil Service Employees Association, Inc. (CSEA), contested the charge. Pursuant to the collective bargaining agreement between CSEA and the State, the matter was submitted to binding arbitration. The only eyewitnesses to the asserted misconduct were the alleged victim, a mental patient at the Center and another mental patient. In order to prepare for cross-examination of these witnesses, counsel for Bell submitted a subpoena for their clinical records which was "so ordered" by a Justice of the Supreme Court. The subpoena was served some four or five days prior to the hearing at which the two witnesses were scheduled to testify. Before they were called, a claim of confidentiality was asserted by the respondents under section 33.13 of the Mental Hygiene Law. The arbitrator granted a brief adjournment to enable respondents to take action with respect to the subpoena. On the adjourned day, respondents stated that they would not take any such action and rested on the claim that the subpoena was not obtained in a court of record as required by law (Mental Hygiene Law, § 33.13, subd [c], par 1). The arbitrator then ruled, as he had previously indicated he would, that he would not hear the testimony of these two witnesses unless their clinical records were made available for cross-examination. Since the records were not made available, the witnesses were not heard. The hearing was closed after the taking of some hearsay testimony from other witnesses. Subsequent to the termination of the hearings, respondents moved to vacate the subpoena. However, that application was withdrawn after the arbitrator handed down his award dismissing the charges upon the ground that they had not been proven. Petitioners moved to confirm the award. Respondents cross-moved to vacate it. Special Term denied the motion and granted the cross motion on the ground that the refusal to permit the sole eyewitnesses to the incident to testify constituted misconduct on the part of this arbitrator within the meaning of CPLR 7511 (subd [b], par 1, cl [i]). The confidentiality accorded the hospital records of mental patients by the Mental Hygiene Law is not absolute. In a proper case, it must yield to the needs of justice (Matter of Camacho v Iafrate, 66 AD2d 799). Here, a Justice of the Supreme Court, by so ordering the subpoena, directed that the records in question be produced. Respondents' refusal to comply therewith confronted the arbitrator with the necessity of determining whether remedial action was appropriate. He concluded that it was. It lay within the ambit of his discretion to fashion a remedy. In holding, as he did, that in the absence of the records, he would not permit the witnesses to testify, he did not abuse the discretion vested in him. Hence, his refusal to hear those witnesses was not misconduct. Concur—Sandler, J. P., Sullivan, Bloom, Lane and Silverman, JJ.