*337 OPINION OF THE COURT
Edward H. Lehner, J.
The sole issue in dispute herein is whether the State and city defendants shall be required to provide plaintiffs with a representative sample of written service plans issued to patients upon discharge from mental hospitals pursuant to section 29.15 (f) and (g) of the Mental Hygiene Law. The court holds that by reason of the confidentiality provisions of Mental Hygiene Law § 33.13 (c), plaintiffs are not entitled to such material.
At oral argument the parties agreed that all applications for relief appearing on the calendar of February 19, other than that relating to the request for the aforesaid service plans, were withdrawn. Plaintiffs further stipulated that they would accept a sample of 200-300 service plans in lieu of their formal request for copies of all service plans issued to patients released from mental facilities after January 1, 1987.
Plaintiffs seek this information to prove that defendants have failed to comply with their- obligation to provide proper service plans to patients in accordance with the requirements of Mental Hygiene Law § 29.15, and that thus plaintiffs are entitled to an injunction mandating compliance.
Defendants contend that such information may not be disclosed to plaintiffs as, pursuant to Mental Hygiene Law § 33.13 (c), the information is required to be kept confidential. Defendants assert that even if the names are redacted, other information in the plans that plaintiffs seek may tend to identify the patients.
Mental Hygiene Law § 33.13 (c) reads in pertinent part as follows:
"Such information about patients or clients reported to the offices, including the identification of patients or clients, and clinical records or clinical information tending to identify patients or clients, at office facilities shall not be a public record and shall not be released by the offices or its facilities to any person or agency outside of the offices except as follows:
"(1) pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality”.
Plaintiffs maintain that pursuant to the above-quoted exception, the service plans should be released in that they are relevant to the instant litigation.
Prior to the adoption of Laws of 1984 (ch 912), which *338 amended paragraph (1) of Mental Hygiene Law § 33.13 (c) to read as quoted above, said paragraph provided for release of confidential records "pursuant to an order of a court of record.” The 1984 amendment clearly further protected confidentiality by limiting release to situations where "the interests of justice significantly outweigh the need for confidentialty”.
The memorandum of the Office of Mental Health (1984 McKinney’s Session Laws of NY, at 3476) submitted in support of the amendment indicates that the purpose of the bill (which made many other changes in the section) was to "protect the confidentiality of records at all facilities” and "to restrict the release of clinical records and identifying information about patients or clients in instances where consent has not been obtained”. In his approval message, Governor Cuomo stated: "At the very heart of the client-professional relationship in mental health care is its confidentiality. The bills strengthen existing protection against the inappropriate disclosure of mental health records and thereby strengthen the integrity of mental health care.” (1984 McKinney’s Session Laws of NY, at 3654.)
In commenting on the 1984 amendments, the Court of Appeals said in Matter of New York News v Ventura (67 NY2d 472, 476 [1986]): "The confidentiality provisions of the Mental Hygiene Law operate to protect the patient’s interests by preventing private or embarrassing disclosures and also by encouraging unconstrained diagnoses and treatment appropriate to the patient’s condition; they extend not only to patient records on care and treatment but also to clinical information, including information concerning the patient’s admission and legal status and the documents pertinent to those matters (Mental Hygiene Law § 33.13), and to hospitalization and discharge proceedings (Mental Hygiene Law § 9.31). The limited instances when information about a patient or a patient’s proceeding may be disclosed, and to whom it may be disclosed, are strictly prescribed by statute.”
In that case a former mental patient was charged with attempted murder, and the media sought a transcript of the judicial retention hearing at which the patient was ordered released. The court, noting that the identity of the patient was widely known, allowed release of only that portion of the transcript in which the public had a legitimate concern, to wit: "whether the court ordered her release contrary to or in accordance with the doctor’s medical recommendation”, and *339 disallowed the release of the portion of the record dealing with the patient’s history, medical condition and treatment. (Supra, at 477.)
Although there are cases where courts have indicated that relevancy to a judicial proceeding may be a basis for release of confidential matter (e.g., Matter of State of New York — Office of Mental Retardation & Developmental Disabilities v Mastracci, 77 AD2d 473 [4th Dept 1980]; Matter of Civil Serv. Employees Assn. [Director, Manhattan Psychiatric Center], 72 AD2d 526 [1st Dept 1979]; Jablonski v Brezenoff, NY County, index No. 41132/1980), these cases arose prior to the 1984 amendment.
A mere claim of relevancy is insufficient to reach the threshold set forth in the current law, and plaintiffs have not otherwise demonstrated that the interests of justice significantly outweigh the need for these unknown patients to have their medical records kept confidential.
Although the court believes the representations of plaintiffs’ counsel that they would do all they can to keep the material confidential in their office, it does not believe that records of the requested 200-300 patients, who know nothing about this proceeding, should be used in the manner requested as there can be no adequate assurance that the information would not become public during the course of the proceedings, nor that the records (even as redacted) would not tend to identify the patients, in violation of the statute.
Accordingly, the request for the representative sample is denied. This, however, does not prevent plaintiffs from obtaining the information necessary to establish their claims of widespread violation of Mental Hygiene Law § 29.15. As indicated at argument, if plaintiffs obtain the consents of former patients, the defendants will release their records. Since this action was apparently instituted at the request of an advocacy group for the homeless, it would seem that such consents could be obtained from former patients residing at various homes and shelters throughout the city.