■ JOHN HEARD et al., Individually and on Behalf of All Persons Similarly Situated, Appellants, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents. MICHAEL KOSKINAS et al., Individually and on Behalf of All Persons Similarly Situated, Appellants, v Jo I. BOUFFORD as President of the New York City Health and Hospitals Corporation, et al., Respondents.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered April 5, 1988, which denied plaintiffs' motion for an order pursuant to Mental Hygiene Law § 33.13 (c) (1) requiring disclosure to them of a representative sample of "written service plans" issued to patients in the class represented by plaintiffs upon their discharge from mental hospitals, unanimously reversed, on the law and the facts and in the exercise of discretion, and

plaintiffs' motion, as limited by their stipulation upon oral argument below, is granted, without costs. Settle order before Justice Lehner outlining the measures to be taken to safeguard the confidentiality of the information provided to plaintiffs.

Mental Hygiene Law § 33.13 (c) (1), as amended by Laws of 1984 (ch 912, § 2 [eff Sept. 1, 1984]), requires that information contained in records required to be maintained by facilities licensed or operated by the Offices of Mental Health, Mental Retardation and Developmental Disabilities, including the identification of patients or clients and clinical records or information tending to identify patients or clients, shall not be a public record and shall not be released except pursuant to a court order requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality. Subdivision (f) (added by L 1984, ch 912, § 2) provides that any such disclosure shall be limited to that information necessary in light of the reason for disclosure and such information shall be kept confidential by the party receiving such information.

Plaintiffs, on their own behalf and on behalf of all other homeless mentally ill persons who have been discharged or conditionally released from New York State psychiatric centers or hospitals administered by the New York City Health and Hospitals Corporation without a "written service plan", as required by Mental Hygiene Law § 29.15 (f) and (g), bring these consolidated actions, seeking declaratory and injunctive relief requiring defendants, *inter alia*, to abide by their express statutory obligations, particularly the requirement of Mental Hygiene Law § 29.15 (f) and (g) that defendants prepare for each discharged or conditionally released patient a written service plan that includes:

"1. a statement of the patient's need, if any, for supervision, medication, aftercare services, and assistance in finding employment following discharge or conditional release, and

"2. a specific recommendation of the type of residence in which the patient is to live and a listing of the services available to the patient in such residence.

"3. A listing of organizations, facilities, including those of the department, and individuals who are available to provide services in accordance with the identified needs of the patient" (§ 29.15 [g])

and, where appropriate, "notification of the appropriate school district and the committee on special education regarding the

proposed discharge or release of a patient under twenty-one years of age, consistent with all applicable federal and state laws relating to confidentiality of such information." (§ 29.15 [g] [4].)

While class certification appears unnecessary and inappropriate where governmental operations are involved and any relief granted to plaintiffs would adequately flow to and protect others similarly situated under principles of stare decisis *(see, Matter of Rivera v Trimarco,* 36 NY2d 747, 749; *Williams v Blum,* 93 AD2d 755, *lv dismissed* 61 NY2d 905; *Grant v Cuomo,* 134 Misc 2d 83, 88, *mod on other grounds* 130 AD2d 154),* plaintiffs should be entitled to seek to establish, if possible, a pervasive pattern of failure on the part of respondents to prepare and issue the mandated "written service plans" in violation of the statute.

To that end, disclosure of 200 to 300 carefully redacted service plans and imposition of strict safeguards limiting access to and use of such information is appropriate, particularly where there is a legitimate public interest in information regarding the procedures for the release and aftercare of mental patients. *(See, Matter of New York News [Ventura],* 67 NY2d 472, 476-477.) Clearly, under these circumstances, the interests of justice should allow the release of the information required with appropriate safeguards to protect the identity of the patients.

Settle order as indicated. Concur—Kupferman, J. P., Carro, Milonas, Ellerin and Wallach, JJ. *[See,* 139 Misc 2d 336.]