■ NARENDRA M. KHATRI, Appellant, v MICHAEL A. LAZARUS, Respondent. [639 NYS2d 1]

At trial, plaintiff attempted to elicit expert testimony as to the nature and severity of injuries he claimed to have sustained in an automobile accident allegedly caused by defendant's negligence. Dr. Mehta, the witness upon whose expert testimony plaintiff intended to rely, was a board certified specialist in physical medicine and rehabilitation, licensed to practice in both New York and New Jersey. Prior to entering private practice, she had been chief of the outpatient department of physical medicine and rehabilitation at Harlem Hospital, a Columbia affiliate; chief of the inpatient department of physical medicine and rehabilitation at Metropolitan Hospital; and director of physical medicine and rehabilitation at the Jewish Hospital and Rehabilitation Center in New Jersey. Notwithstanding these sterling indicia of Dr. Mehta's expertise in her area of specialty and the fact that she had on several previous occasions been qualified in judicial and administrative proceedings to testify as an expert, the trial court refused to so qualify her at the trial of the within matter; the court was apparently of the view that Dr. Mehta could not be qualified as an expert because she had not published or lectured extensively. In this connection the court in the jury's presence stated that "She [Dr. Mehta] has answered amply that she has not published, that she is not recognized as a person that is in command of the subject matter by the public and the doctors in her specific field" and, in later reiterating her refusal to qualify the doctor as an expert, stated, "You offer her and I declined to accept her as an expert. Nowhere was there testimony elicited that she has published along the alleged area of expertise. She claims she studied in India, that she practices in New Jersey, that she is board certified. But an expert we would expect has lectured, has training in medical schools, has published and lectured, and I decline within the sole discretion of the Court and with the utmost respect to the doctor here, because I think

that this Court should not and will not qualify her as an expert".

The court's failure to qualify Dr. Mehta, understandably offensive to the doctor given her lengthy training and considerable professional experience and attainment, and objectively unfathomable given the fact that she had at the time of her testimony been board certified in her specialty for over fifteen years, caused the doctor's precipitous exit from the trial prior to her cross-examination and the consequent striking of her testimony. And, as plaintiff's attorney was not disposed to bring in another expert, there resulted a gap in plaintiff's proof to which the court pointed when, upon defendant's motion, it dismissed the complaint for plaintiff's failure to adduce "a scintilla of competent medical proof" of serious physical injury.

While the doctor, although sorely tested, might have shown greater forbearance and remained to complete her testimony, and plaintiff's attorney might have brought in another expert, the utility of these measures must have seemed doubtful in the extreme. It was evident that the court would not permit the doctor, while testifying in a non-expert capacity, to express an opinion as to the severity and permanence of plaintiff's injuries and, that being the case, the doctor's continued presence in the courtroom served little useful purpose. Nor could there have seemed much point in bringing in yet another expert in view of the court's fundamentally inexplicable rejection of the expertise of the highly qualified witness already before her. Dr. Mehta's expert qualifications, undisputed on this appeal, were beyond the pale of legitimate dispute and the court's reasons for withholding recognition of her expertise were at best irrelevant and/or trivial and on occasion simply offensive, at least in the manner of their expression if not in substance. While a court's decision as to whether a witness should be qualified as an expert is largely discretionary, the range of allowable discretion is not so broad as to render sustainable a patently unreasonable refusal to accord a witness expert status (*see, Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398-399). Obviously, publication, although sometimes indicative of expertise, is not, as the trial court apparently thought, a *sine qua non* thereof, particularly where, as in the case of Dr. Mehta, there is an otherwise extensive history of professional experience and achievement.

Since the deficiency in proof upon which the dismissal of the complaint was predicated was the direct and, for all practical purposes, irremediable consequence of the court's plainly erroneous and, in any case, needlessly deprecatory preclusion of

the very testimony which would have cured the cited deficiency, we are of the view that plaintiff should, in the interests of justice, be afforded a fresh opportunity to try his claim. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.