OPINION OF THE COURT
Richard F. Braun, J.
This is a class action for a declaratory judgment and injunctive relief. This Court certified a class of inmates incarcerated in the jails of defendant City of New York (City) who are treated for mental illness while therein and entitled to a discharge plan upon their release; and preliminarily enjoined defendants from violating Mental Hygiene Law § 29.15 and 14 NYCRR 587.1 et seq. as to discharge planning for plaintiff class members, and to provide plaintiff class members with adequate discharge planning in compliance with those provisions (185 Misc 2d 420 [Sup Ct, NY County 2000]). The Appellate Division, First Department, unanimously affirmed for the reasons stated below (276 AD2d 440 [2000]). On March 1, 2001, the Appellate Division denied the motion by defendants for leave to appeal to the Court of Appeals.
Plaintiffs have moved for various items of discovery in support of their separate, still pending motion to have this Court hold defendants in contempt of court for their failure to comply with this Court’s order granting plaintiffs the preliminary injunction. Contrary to defendants’ argument, plaintiffs are correct in their contention that they have made out a prima facie showing in their papers in support of their motion that defendants are in contempt of court. If it were otherwise, this Court would not have signed plaintiffs’ order to show cause on the contempt motion.
Plaintiffs contend that they need the discovery sought in order to prosecute their contempt motion in that the information is solely within the possession of defendants. Although defendants originally opposed the instant discovery motion, in conferencing the motion (to move this very important class action along to either a settlement or an ultimate determination by the Court, this Court has had the attorneys appear nearly *472 weekly for months in order to attempt to facilitate a resolution of arising issues, discuss settlement of the action, and set schedules) various requests for relief have been settled, by two stipulations. The remaining issues to be decided on the motion are whether the Court will order that defendants provide to this Court within a disputed period of time (defendants want four weeks and plaintiff two) mental health/discharge planning records for 500 former inmates of City jails who were likely class members, to be divided into two groups, one in which the individuals are HIV positive and one in which they are not; whether, after withholding the records of the individuals who are HTV positive, the Court will then delete at random another 25% of the individuals’ records, so that plaintiffs’ attorneys would not be able to determine by process of elimination the identities of the HIV-positive former inmates; and whether defendants will then have to turn over the remaining group of records to plaintiffs’ attorneys.
The parties debate in their papers on the motion whether Mental Hygiene Law § 33.13 permits the disclosure sought by plaintiffs, subject to the confidentiality provision of Mental Hygiene Law § 33.13 (f) and the parties’ confidentiality agreement by way of their stipulation and protective order. If Mental Hygiene Law § 33.13 applied here, the Court would permit the disclosure at issue under the interests of justice standard of that statute because the disclosure would benefit the class members by giving the records sought to plaintiffs’ attorneys in order to enable them to try to demonstrate plaintiffs’ need for discharge planning and defendants’ apparent continuing failure to provide it to other than a small percentage of the class (see, Mental Hygiene Law § 33.13 [c] [1]; Heard v Cuomo, 142 AD2d 537 [1st Dept 1988]; Matter of City of New York v Bleuler Psychotherapy Ctr., 181 Misc 2d 994 [Sup Ct, NY County 1999]). However, the provision is applicable only to facilities licensed or operated by the office of mental health or the office of mental retardation and developmental disabilities (Mental Hygiene Law § 33.13 [a]), which the City jails are not.*
Mental Hygiene Law § 33.16 applies here. It controls access to clinical records of facilities. A facility is defined in Mental Hygiene Law § 1.03 (6) as “any place in which services for the mentally disabled are provided and includes but is not limited *473 to a psychiatric center, developmental center, institute, clinic, ward, institution, or building.” Mentally disabled includes a person with “mental illness” (Mental Hygiene Law § 1.03 [3]). Plaintiff class members are persons with mental illness who are or were treated on an outpatient and/or inpatient basis both in the City jails and while incarcerated in hospital psychiatric wards. Thus, they fall under Mental Hygiene Law § 33.16.
That provision sets forth certain procedures, not pertinent here, for access to records of examination or treatment of persons who suffer from mental illness. Mental Hygiene Law § 33.16 (i) specifically provides that “[njothing contained in this section shall restrict, expand or in any way limit the disclosure of any information pursuant to articles * * * thirty-one * * * of the civil practice law and rules.”
CPLR 3101 (a) provides: “There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action.” The scope of discovery under New York State law is “very broad” (Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]), and “New York has long favored open and far-reaching pretrial discovery.” (DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 193 [1992], rearg denied sub nom. Poole v Consolidated Rail Corp., 81 NY2d 835, cert denied 510 US 816 [1993].) As stated above, the documents that plaintiffs are seeking would be material and necessary to the prosecution of their motion for contempt against defendants, because it is difficult for plaintiffs’ attorneys to determine who were members of the plaintiff class, and find and communicate with them in order to prosecute the contempt motion.
Defendants are wrong that discovery has ended in this action. The end date of discovery was extended by this Court under the circumstances of this complex class action, and plaintiffs apparently have not yet filed their note of issue. Even if they had, the discovery sought is not for pretrial proceedings, for which in any event the Court could still allow discovery after the note of issue is filed, under appropriate circumstances (22 NYCRR 202.21 [d]), but rather for the contempt motion.
Defendants are correct that information regarding the HIV status of or any substance abuse by members of plaintiff class is sensitive information which should be kept confidential, except where release is authorized by law or court order (see, Public Health Law § 2782; Mental Hygiene Law § 22.05; 42 USC § 290dd-2). Plaintiffs’ confidentiality is protected by law, the parties’ confidentiality agreement, the sensitively proposed *474 order of the attorneys for plaintiffs (see, Heard v Cuomo, supra, 142 AD2d, at 539), and this Court’s decision and order.
Finally, defendants argue that the sealing provision of CPL 160.50 should bar, by analogy, the subject disclosure request. CPL 160.50 has no effect here. That provision only applies to the court records of criminal actions or proceedings.
Therefore, the motion should be granted. Because of the importance of the issues in this action to the parties, the families and friends of members of plaintiff class, and the general public, defendants should turn over the records to this Court as soon as possible. Thus, they should be delivered to this Court by July 9, 2001. A conference date has been scheduled to address any issues which arise and to continue moving this action toward conclusion.

 Mental Hygiene Law § 29.15 (f) applies not only to licensed facilities but also to those “subject to licensure,” which does include the City jails (Brad H. v City of New York, 276 AD2d 440 [1st Dept 2000], affg for reasons stated below 185 Misc 2d, supra, at 428]).