◼ In the Matter of INDRAKUMAR GOOHYA, Petitioner, v MARY A. WALSH-TOZER, Respondent. [738 NYS2d 373] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Mary Ann Walsh-Tozer, Commissioner of the Rockland County Department of Mental Health, dated November 1, 2000, which adopted the recommendation of a Hearing Officer, made after a hearing, and terminated the petitioner from his employment as a psychiatrist with the Rockland County Department of Mental Health.

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, and the matter is remitted to the respondent Rockland County Commissioner of Mental Health for further proceedings consistent herewith.

Due process considerations mandate that findings of fact be made in a manner wherein the parties are assured that the decision is based on evidence in the record, uninfluenced by

extralegal considerations, and that both an intelligent challenge by a party aggrieved by the determination and an adequate judicial review are possible (*see, Matter of Simpson v Wolansky,* 38 NY2d 391, 396). Here, under the guise of making findings of fact, the Hearing Officer merely reiterated the parties' testimony and other evidence submitted at the hearing. Other than the Hearing Officer rejecting one or two portions of the testimony of the petitioner's expert, there is no indication what evidence he relied upon in reaching his ultimate conclusions of law. After setting forth all of the evidence in the record, the Hearing Officer merely stated in conclusory fashion that each charge was supported by substantial evidence.

Moreover, while it is clear that strict rules of evidence are not applicable to administrative hearings (*see, Matter of Morfesis v Sobol,* 172 AD2d 897; *Matter of Ackerman v Ambach,* 142 AD2d 842, *affd* 73 NY2d 323), an administrative determination may be annulled "where prejudice so permeates the underlying hearing as to render it unfair" (*Matter of Jean-Baptiste v Sobol,* 209 AD2d 823, 824; *see, Matter of Morfesis v Sobol, supra; see also, Matter of Morrissey v Sobol,* 176 AD2d 1147, 1150; *Matter of Ackerman v Ambach, supra* at 845 [to warrant annulment, an erroneous evidentiary ruling must "infect the entire proceeding with unfairness"]). Here, the Hearing Officer committed errors which so prejudiced the petitioner that a new hearing is warranted.

The Hearing Officer denied the petitioner's request for disclosure of the medical records of the two patients who testified at the hearing, despite the fact that the respondent had access to and utilized these records at the hearing. The Hearing Officer determined that these records were confidential. "[T]he need for maintaining the confidentiality of the patients' records must be balanced against the concern for [the petitioner's] rights and any adverse impact on his reputation, livelihood and future employment. Clearly, confidentiality, on these facts, must yield to [the petitioner's] right to conduct an effective defense to the disciplinary action" (*Matter of State of New York-Off. of Mental Retardation & Dev. Disabilities v Mastracci,* 77 AD2d 473, 476). "The confidentiality accorded the hospital records of mental patients by the Mental Hygiene Law is not absolute. In a proper case, it must yield to the needs of justice" (*Matter of Civil Serv. Empls. Assn. [Director, Manhattan Psychiatric Ctr.],* 72 AD2d 526; *see, Matter of Camacho v Iafrate,* 66 AD2d 799; *Matter of Civil Serv. Empls. Assn. v Soper,* 84 AD2d 927, 928, *affd* 56 NY2d 639; *Perry v Fiumano,* 61 AD2d 512, 519; *see also, Matter of Board of Educ. of Is.*

*Trees Union Free School Dist. v Butcher,* 61 AD2d 1011). Certainly, if the patient is called as a witness her credibility may be challenged through the use of her records (*see, Matter of Camacho v Iafrate, supra*). Accordingly, the petitioner was entitled to the medical records of the witnesses.

The Hearing Officer also determined that, although the petitioner's witness qualified as an expert in psychiatry, his testimony would be accorded diminished weight and he would not in fact be given expert status because he had never before testified in an administrative proceeding. This ruling has absolutely no basis in law (*see, Price v New York City Hous. Auth.,* 92 NY2d 553, 559; *Adamy v Ziriakus,* 92 NY2d 396, 402; *Khatri v Lazarus,* 225 AD2d 302; *Edgewater Apts. v Flynn,* 216 AD2d 53, 55; *Karasik v Bird,* 98 AD2d 359, 362; Prince, Richardson on Evidence § 7-304 [Farrell 11th ed]). Moreover, the Hearing Officer failed to indicate in his report what weight, if any, he gave to this expert's testimony.

These errors, and the failure of the Hearing Officer to make findings of fact to allow adequate judicial review, warrant granting the petition, annulling the determination, and remitting the matter to the respondent for a new hearing before a different Hearing Officer and thereafter for a new determination by the respondent. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.