■ In the Matter of JERRY DIER, Respondent. MOLLIE BENDER et al., Appellants. [788 NYS2d 3]—

Orders, Supreme Court, New York County (Joan B. Lobis, J.), entered on or about May 19, 2004 and August 3, 2004, which, to the extent appealed from, denied appellants' motion insofar as it sought a protective order completely precluding the deposition of Irving Bender and their subsequent motion for renewal, unanimously affirmed, without costs.

Respondent subpoena applicant Dier commenced this special proceeding to obtain information purportedly relevant to his defense of a matrimonial action commenced by his wife in Maryland, and has subpoenaed appellants, his wife's father, mother and brother (collectively, the Benders), who are New York residents, to, inter alia, appear for deposition and give testimony as to money, property and other financial support allegedly provided by the Bender family to his wife from January 1, 1999 to the present. Inasmuch as it appears that the elder Mr. Bender, Irving, although in poor health, likely possesses material information not supplied by other Bender family members at their depositions and, indeed, was the signatory of various checks payable to his daughter, respondent's wife, during the period in question, the motion court properly exercised its discretion in permitting his deposition while placing significant limitations on its venue and length. The denial of renewal in the August 3, 2004 order was proper, the requisites for renewal (*see Foley v Roche*, 68 AD2d 558, 568 [1979]) not having been met. Were this an occasion on which strict compliance with the requirements for renewal might be dispensed with (*see Mejia v Nanni*, 307 AD2d 870 [2003]), we would, in any event, find that the medical information offered in support of the subject renewal motion essentially reiterated the existence of medical conditions previously disclosed and appropriately considered by the motion court. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.