S.M. v City of New York (2024 NY Slip Op 01689)

S.M. v City of New York

2024 NY Slip Op 01689

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Index No. 27844/20 Appeal No. 1917 Case No. 2022-02217 

[*1]S.M., etc., et al., Appellants,
v
City of New York et al., Defendants, New York City Health + Hospitals/Lincoln Medical Center, Defendant-Respondent.

Elefterakis, Elefterakis & Panek, New York (Eileen Kaplan of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for respondent.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about April 28, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross-motion to compel defendant New York City Health + Hospital/Lincoln Medical Center (NYCHH) to disclose medical and mental health records of defendant S.M., unanimously modified, on the law, to grant plaintiffs' alternative request for in camera review to determine whether any of the records maintained by NYCHH relating to S.M.'s medical and mental health records on April 26 and April 27, 2016, are nonprivileged and the matter remanded for said in camera review, and otherwise affirmed, without costs.
Infant plaintiff and her father allege that NYCHH's employees negligently treated SM when she presented to the hospital on April 26 and April 27, 2016, shortly before she stabbed the infant plaintiff and brother, resulting in the brother's death. They allege that SM had a history of mental illness for which she had been treated by NYCHH on "scores of previous occasions," and that NYCHH failed to detain SM, call a report to the Statewide Central Register of Child Abuse and Maltreatment, or "take any other action to protect" the infant plaintiff. SM, who is currently incarcerated, has not waived the physician-patient privilege and is believed to be unable or unwilling to do so.
Supreme Court properly determined that Mental Hygiene Law § 33.13(c)(1) does not apply to allow disclosure of SM's hospital records in the interests of justice, absent SM's consent or express or implied waiver of the physician-patient privilege provided by CPLR 4504, 4507 (see J.Z. v South Oaks Hosp., 67 AD3d 645, 645-646 [2d Dept 2009]; cf., Webdale v North Gen. Hosp., 7 Misc 3d 947, 955 [Sup Ct, NY County 2005], affd 24 AD3d 153 [1st Dept 2005]). Accordingly, plaintiffs' motion to compel disclosure of SM's medical and mental health records was properly denied to that extent. However, Supreme Court should have granted plaintiffs' alternative request for in camerareview to determine whether the records include information of a nonmedical nature, such as observations of SM's conduct, language, and appearance and factual matters, which is subject to disclosure (see Cabreja v 'John/Jane Doe Physicians,' 203 AD3d 421 [1st Dept 2022]; Mohr v Hillside Children's Ctr., 1 AD3d 176, 176 [1st Dept 2003]).
Plaintiffs' additional argument that SM has waived her privilege by filing a CPL 250.10 notice of intent to present a psychiatric defense in a criminal proceeding pending against her was not raised before the motion court and depends on documents not in the record on this appeal. We therefore decline to review the argument.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024